**IT IS HEREBY ORDERED** that the defendant's renewed motion to suppress evidence is granted.

**IT IS FURTHER ORDERED** that I will hold a telephone status conference with counsel on Monday, March 17, 2003, at 9:30 a.m., to discuss the next steps necessary to resolve this case. The Court will place the conference call.

Rickey **PINKSTON**, Petitioner,

v.

Anthony A. **LAMARQUE**,
Warden, Respondent.

No. C 99–2654 MJJ.

United States District Court,
N.D. California.

Feb. 18, 2003.

Rickey Pinkston, Coalinga, CA, pro se.

Peggy S. Ruffra, CA State Attorney General's Office, San Francisco, CA, for Linda J. Clarke.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

JENKINS, District Judge.

### INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising two cognizable claims: (1) that his Sixth Amendment right to counsel was violated because his trial counsel provided ineffective assistance at his resentencing hearing; and (2) his sentence of 25-years-to-life under California's "three strikes" law violates his Eighth Amendment right to be free from cruel and unusual punishment. Following briefing by the parties, the court denied the petition on the merits in an order dated October, 30, 2001.

After the order denying the petition was issued, the law in this circuit governing plaintiff's Eighth Amendment claim changed significantly. In *Andrade v. At-*

*torney General,* 270 F.3d 743 (9th Cir. 2001), *cert. granted, Lockyer v. Andrade,* 535 U.S. 969, 122 S.Ct. 1434, 152 L.Ed.2d 379 (2002), the Ninth Circuit found that petitioner's 50–years–to–life sentence under California's three strikes law for two counts of petty theft with a prior violated the Eighth Amendment. *Andrade,* 270 F.3d at 766. In *Brown v. Mayle,* 283 F.3d 1019 (9th Cir.2002), the Ninth Circuit held that 25–years–to–life sentences under California's three strikes law for felony petty theft with a prior violated the Eighth Amendment. *Brown,* 283 F.3d at 1037. Because the Antiterrorism and Effective Death Penalty Act applied, as it does to the instant petition, the Ninth Circuit granted the habeas petitions after concluding that the state courts' denials of the Eighth Amendment claims was an unreasonable application of federal law. *Id.* at 1038–39 (applying 28 U.S.C. § 2254(d)(1)); *Andrade,* 270 F.3d at 766–67 (same).

The court ordered respondent to show cause why the petition should not be granted, upon reconsideration, in light of *Brown* and *Andrade.* *See generally Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n. 5 (9th Cir.1989) (one of the major grounds justifying reconsideration is an intervening change in the controlling law). Respondent has filed a supplemental brief contending that the petitions should be denied. Petitioner, who is pro se, has not filed an opposition to respondent's supplemental brief.

### BACKGROUND

Petitioner was convicted in Santa Clara County Superior Court of one count of second degree burglary and one count of petty theft with a prior felony for stealing $279.86 worth of blue jeans from a Mervyn's Department Store on August 22, 1994. Allegations of five prior serious felonies were also found to be true. Counting the five priors as "strikes," the trial court sentenced petitioner to twenty-five years to life in state prison under California's three strikes laws (California Penal Code §§ 667(b)-(i); 1170.12) on April 14, 1995. The California Court of Appeal reversed and remanded to allow the trial court to exercise its discretion to strike the prior offenses. On December 13, 1996, the trial court declined to strike any of the priors and reimposed the same sentence. The California Court of Appeal denied petitioner's subsequent appeal and a petition for a writ of habeas corpus in a consolidated opinion. The state appellate court found, inter alia, that his sentence did not violate his right to be free from cruel and unusual punishment under the Eighth Amendment. The Supreme Court of California rejected his direct appeal in a one-line opinion.

### DISCUSSION

*A. Standard of Review*

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In evaluating wheth-

er there has been a violation of § 2254(d)(1), the court should first review the state court decision for error de novo and then determine whether the decision was contrary to or an unreasonable application of controlling law. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1155, 1159 (9th Cir.2000).

## B.  *Eighth Amendment Claim*

■ A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. *See Solem v. Helm,* 463 U.S. 277, 303, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Outside of death penalty cases, the Eighth Amendment's proportionality principle is narrow, however; it forbids only extreme sentences that are "grossly disproportionate" to the crime. *Harmelin v. Michigan,* 501 U.S. 957, 997–1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)[1]; *Andrade v. United States,* 270 F.3d 743, 754 (9th Cir.2001), *cert. granted,* 535 U.S. 969, 122 S.Ct. 1434, 152 L.Ed.2d 379 (2002). A challenge to the proportionality of a sentence should be analyzed using objective criteria, which include: (1) the gravity of the offense and harshness of the penalty; (2) a comparison of sentences imposed on other criminals in the same jurisdiction; and (3) a comparison of sentences imposed for the same crime in other jurisdictions. *See id.* at 290–92, 103 S.Ct. 3001. A federal court first makes the threshold determination of whether a comparison of the severity of the penalty and the gravity of the offense creates an inference of gross disproportionality. *Andrade,* 270 F.3d at 758. If there is no such inference, the analysis ends with a conclusion that the Eighth Amendment has not

been violated. *See id.* If, however, there is an inference of gross disproportionality, the court proceeds to compare the sentence to other sentences imposed within and without California. *See id.*

■ Respondent argues that petitioner is distinguishable from the petitioners in *Andrade* (Mr. Andrade) and *Brown* (Mr. Brown and Mr. Bray). First, respondent argues that petitioner's "triggering offense" was more serious: petitioner was convicted of second degree burglary *and* petty offense with a prior, whereas Mr. Andrade, Mr. Brown, and Mr. Bray were all convicted of only petty offense with a prior. This does not necessarily make petitioner's triggering offense more serious. To be sure, second degree burglary does not involve the "unique quirk" of a "wobbler" offense like petty theft with a prior, which can be charged as a felony or as a misdemeanor, *see Andrade,* 270 F.3d at 746, but it is analogous in that both "involve neither violence nor the threat of violence to any person," *id.* at 759 (internal quotation marks omitted). In this case, petitioner's convictions are for the same conduct—shoplifting—as the convictions of Mr. Andrade, Mr. Brown and Mr. Bray: petitioner stole $279.80 worth of blue jeans from a Mervyn's Department Store, Mr. Andrade stole $153,54 worth of videotapes from a K–Mart store, Mr. Bray stole three videotapes from a music and video store, and Mr. Brown stole a $25 steering wheel alarm device from a Walgreens store. *See Brown,* 283 F.3d at 1022–23; *Andrade,* 270 F.3d at 759. Based on this conduct, Mr. Andrade, Mr. Brown and Mr. Bray could have also been convicted, like petitioner, of second degree burglary, which includes

---

**1.** Because no majority opinion emerged in *Harmelin* on the question of proportionality, Justice Kennedy's view—the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime—is considered the holding of the Court. *See United*

*States v. Bland,* 961 F.2d 123, 128–29 (9th Cir.1992); *see also United States v. Dubose,* 146 F.3d 1141, 1146–47 (9th Cir.1998) (stating that after *Harmelin,* Eighth Amendment forbids "at most" only sentences that are "grossly disproportionate").

"enter[ing] any ... store ... with intent to commit ... petit larceny." Cal. Pen. Code §§ 459, 460(b). Although petitioner was convicted of an additional offense, the conduct for which he was sentenced was no more serious than the conduct for which Mr. Andrade, Mr. Brown, and Mr. Bray were sentenced. Therefore, petitioner's triggering offense should not be deemed more serious than those petitioners.

■ Respondent also argues that petitioner's punching one of the Mervyn's security guards after stealing the merchandise makes his triggering offense more serious than the petty thefts of Mr. Andrade, Mr. Brown and Mr. Bray. However, the offenses of which petitioner was convicted—petty theft with a prior and second degree burglary—do not "require any proof of violence." *Brown*, 283 F.3d at 1022, n. 3; *see* Cal. Pen.Code. §§ 459. The Ninth Circuit has held that any violence of which a defendant is not convicted is not relevant under the Eighth Amendment analysis. *Id.* (finding that even if there were evidence in the record that Mr. Brown resisted or was violent in committing the petty theft, it would not be relevant to determining the seriousness of his offense). Accordingly, this court is bound by *Brown* not to consider any evidence of violence committed by petitioner in the course of his shoplifting.

■ Respondent also contends that petitioner had more prior convictions over a longer period of time than Mr. Andrade, Mr. Brown, and Mr. Bray. Because the three strikes sentence petitioner received was for his recidivism, the gravity of petitioner's criminal history weighs in the calculus of whether his offense was disproportionate to his sentence. *See id.* at 1022–23, 1026, 1034–35; *Andrade*, 270 F.3d at 759, 760–61; (*see, e.g., Rummel v. Estelle*, 445 U.S. 263, 284–85, 100 S.Ct.

1133, 63 L.Ed.2d 382 (1980)). The California Court of Appeal summarized petitioner's criminal history as follows: [2]

Defendant, born in 1955, was committed to the California Youth Authority in 1972 and 1975 for possessing marijuana, auto tampering and violating probation. [¶] In 1977, defendant was convicted of three robberies. On July 21, 1977, defendant and another man demanded money from two occupants of a disabled car. The other man brandished a weapon. On July 27, 1977, defendant and the other man demanded money form a man in a car. The other man again brandished a weapon. Defendant unsuccessfully attempted to hit the victim. Defendant was imprisoned between December 1, 1977, and March 31, 1980, for these crimes. He was returned to prison on November 15, 1980, for possessing a hypodermic needle and being under the influence of heroin. He was released on March 12, 1981.[¶] In August 1981, defendant was sentenced to one year in jail for grand theft and a concurrent sentence of six months for petty theft with a prior. [¶] In 1983, defendant was convicted of two burglaries committed in January and May 1983. He was imprisoned between December 2, 1983 and May 13, 1989 for these crimes. His sentence included a five-year enhancement for a prior serious felony conviction. [¶] In 1991 defendant was convicted of petty theft with a prior for stealing cigarettes from a drug store. He was imprisoned between May 3 and December 2, 1991, for this crime after receiving credit for time served. [¶] In 1992 defendant was convicted of two counts of petty theft with a prior and one count of false impersonation. He was imprisoned between August 27, 1992, and May 31, 1994, for these crimes.

---

**2.** Petitioner does not materially dispute this    history.

Petitioner's prior offenses are not more serious than Mr. Bray's or Mr. Brown's: petitioner's prior felonies were 3 robberies, 2 burglaries and one grand theft; Mr. Brown's prior felonies were 2 assaults with a deadly weapon, 2 burglaries, one robbery and one vehicle theft; and Mr. Bray's prior felonies were 4 robberies.[3] *See id.* at 1022–23 & nn. 1 & 3. Petitioner's priors also decreased in seriousness: in the 11 years preceding his sentence he had no felony convictions. With respect to the number and age of petitioner's priors, there is some ambiguity in the record. The criminal history set forth by California Court of Appeal above includes 6 prior felony convictions from 11 to 17 years before the sentence, and 7 misdemeanors over the 14 years immediately preceding the sentence. On the other hand, the probation report states that petitioner's criminal history "extends back roughly two decades and includes 11 prior felony convictions and 11 prior misdemeanor convictions. The overwhelming majority of these convictions relate to theft but with several prior armed robbery convictions as well." Even assuming the probation report is correct, this is not significantly more serious than Mr. Brown's criminal history, which consists of twenty prior convictions, including 6 prior felonies and 14 misdemeanors, over 24 years.[4] *Brown,* 283 F.3d at 1023 & n. 4.

▆▆▆ Finally, respondent argues that petitioner's criminal history is more violent than the criminal history of Mr. Brown,

Mr. Bray or Mr. Andrade. In *Brown,* the Ninth Circuit held that where, as here, the triggering convictions are not violent, considering the violence in a defendant's criminal history to determine the proportionality of his sentence violates the Double Jeopardy Clause. *Id.* at 1035. Under *Brown,* therefore, this court cannot consider the relative violence of petitioner's prior convictions. The court notes, however, that even if it were to do so, petitioner's criminal history is not more violent than Mr. Bray's or Mr. Brown's.[5] The only evidence in the record of violence in petitioner's criminal history was during the 2 robberies: in both robberies, his co-conspirator brandished a weapon when they demanded money from the occupants of car, and in one of the robberies, petitioner unsuccessfully attempted to hit one of the victims. In Mr. Bray's case, during one robbery, his co-defendant pointed a gun at the victim's head and threatened to kill her if she did not release Mr. Bray, whom she had grabbed, and as they were leaving, the co-defendant fired three shots. *Id.* at 1022. During another robbery, Mr. Bray's co-defendant hit the victim in the face, and after the victim fell down, another co-defendant kicked him in the face. *Id.* There was no more violence in petitioner's criminal history than in Mr. Bray's. Both petitioner and Mr. Bray had violence in only two of their prior convictions, and all of the violence was committed by co-defendants; neither petitioner nor Mr. Bray themselves used a firearm or inflicted any bodily injury.[6] *See id.* at 1034. Petitioner's

---

**3.** It is less clear how the gravity of Mr Andrade's prior felonies compare to petitioner's because that decision did not describe the nature or age of his 2 prior federal drug trafficking convictions. *Andrade,* 270 F.3d at 760–61.

**4.** Mr. Andrade had 5 prior felonies, 2 misdemeanors, and 1 parole violation over 13 years. Mr. Brown had 4 prior felonies and 4 prior misdemeanors over 15 years.

**5.** None of Mr. Andrade's prior convictions involved violence.

**6.** If anything, Mr. Bray's criminal history is more violent in that his co-defendants committed more violence than petitioner's co-defendants. *Brown,* 283 F.3d at 1022 (describing co-defendants' death threat to victim, firing three shots as they fled the

criminal history is if anything, *less* violent than Mr. Brown's, which includes two convictions for assault with a deadly weapon. *See id.* at 1023

■ In sum, the gravity of petitioner's triggering offense and criminal history is no greater than that of the petitioner in *Brown,* who received the same sentence as petitioner of twenty-five years to life. Because the Ninth Circuit found an inference of gross disproportionality in those sentences under the Eighth Amendment, this court is bound by *Brown* to find an inference of gross disproportionality in petitioner's sentence as well. Similarly, for the reasons set forth in *Brown* and *Andrade,* a comparison of petitioner's sentence with other sentences within California under the second step of the Eighth Amendment analysis "supports the conclusion that [the] sentence was grossly disproportionate to his crimes." *Andrade,* 270 F.3d at 761–62; *see Brown,* 283 F.3d at 1029–34.[7]

■ An interjurisdictional comparison of petitioner's sentence, the third step in the Eighth Amendment analysis, further validates the finding of gross disproportionality, as it did in *Brown* and *Andrade. Id.* at 1030–34; *Andrade,* 270 F.3d at 762–66. After surveying the nation's recidivist sentencing laws applicable to petitioner, the California Court of Appeal found that only two states—Mississippi and Louisiana—would impose a sentence harsher than California of life without the possibility of parole. However, the Louisiana law cited by the California Court of Appeal was in effect only between August 1995 and 2001; because it "was not in effect

when [petitioner] committed his last offense and is not in effect now, it is of no relevance to the interjurisdictional comparison." *Brown,* 283 F.3d at 1032 & n. 11 (finding that Louisiana did not provide for sentence of life without possibility of parole prior to August 1995 or after 2001) (citing La.Rev.Stat. § 15:529.1 (West 2000) and amendments).[8] Under current Louisiana law, petitioner could receive a sentence of 20 years in prison without the possibility of parole, *see* La Rev. Stat. § 15:529.1(A)(1)(c)(i), which is five years less than the 25–year minimum term and far less than the maximum life term that petitioner will have to serve under his current sentence. Mississippi, as the California Court of Appeal noted, is like West Virginia in that it "routinely conducts proportionality review of life sentences and finds them appropriate only when crimes of violence are involved." Under *Brown,* such a practice renders the sentencing scheme less harsh than California's because under this scheme petitioner's sentence could well be deemed excessive in light of the age of his convictions involving violence. *See Brown,* 283 F.3d at 1030–31(finding West Virginia recidivist sentencing law less harsh than California, and that it could well have deemed Mr. Bray's and Mr. Brown's sentences excessive in light of the age of their prior convictions involving violence).

Respondent also states that six other states (Idaho, Delaware, Nevada, Oklahoma, South Dakota and Vermont) have recidivist sentencing laws that would allow for sentences against petitioner for life,

---

scene, and hitting and kicking victim in the face).

**7.** Respondent argues that the holdings of *Brown* and *Andrade* are incorrect with on this point. This argument unpersuasive as this court is bound by those decisions under principles of *stare decisis.*

**8.** Louisiana also provides a 10–year washout period for prior felonies, not including time in prison, which California does not. La.Rev. Stat. § 15:529.1C.

and eight jurisdictions (Illinois, New Hampshire, the District of Columbia, Alabama, Montana, Nebraska, Rhode Island and Tennessee) have recidivist laws that allow for maximum terms longer than petitioner's twenty-five year minimum term. However, as correctly noted by the California Court of Appeal, under all of these state laws petitioner could have received significantly shorter sentences than 25 years to life. *See* Id.Code § 19–2514 (allowing sentence as short as 5 years); Del. Code 11 §§ 824, 4205(b)(6), 4214(a) (as short as 3 years); Nev.Rev.Stat. § 207.010(1)(a)-(b) (allowing sentence of 25 years with parole in 10 years); Okla. Stat. 21 § 51.1(B) (allowing life sentence with parole in 20 years)[9]; S.D. Codified Laws §§ 22–7–7, 22–7–8, 22–6–1 (allowing any term less than life); Vt. Stat. 13 § 1201 (allowing sentence as short as 15 years); Ala.Code §§ 13A–5–9(b)(1), 13–A–5–6(a)(1) (allowing sentence as short as 10 years); D.C.Code § 22–1804a(a)(1) (allowing sentence as short as 2 years); 720 Ill. Comp. Stat. §§ 5/5–8–1(a)(3),(5) (allowing sentence as short as 6 years); N.H.Rev.Stat. § 651:6(II)(a) (allowing sentence as short as 10 years); Mont.Code § 46–18–502(1) (allowing sentence as short as 5 years); Neb.Rev.Stat. § 29–2221(1) (allowing sentence as short as 10 years); R.I. Gen. Laws § 12–19–21 (allowing sentence of 25 years); Tenn.Code §§ 40–35–106(a)(1),(c), 112(b) (allowing sentence as short as 2 years).

In the remaining 34 jurisdictions, petitioner would have been subject to significantly shorter sentences, *see, e.g.,* Alaska Stat. § 12.55.125(e)(2) (providing for sentence of 3 to 5 five years); Conn. Gen Stat. § 53a–35a(6) (providing for sentence of 1 to 10 years); Fla. Stat. § 775.084(1)(a), (4)(a), 775.082(3)(d) (providing for sentence

of 5 to 10 years); Haw.Rev.Stat. § 706–606.5(1)(b)(iv) (providing for sentence of 3 years, 4 months to 5 years); Kan. Crim Code § 21–4504(a)(1) (providing for sentence of 2 years, 10 months); N.M. Stat. § 30–18–17(B)–(D) (providing for sentence of 9 years, 6 months); N.Y. Penal Law § 70.06(3)(d) (providing for sentence of 4 to 7 years), and in 9 of these jurisdictions (Maryland, Minnesota, New Jersey, Ohio, Pennsylvania, South Carolina, Utah, Virginia, and Wyoming) he would not have been subject to a recidivist sentencing law at all

In sum, petitioner could not have received a more severe sentence in any other jurisdiction with the possible exception of Mississippi. To be sure, this does not by itself render petitioner's sentence unconstitutional because California could constitutionally decide to impose the most stringent sentencing scheme in the nation. *Harmelin,* 501 U.S. at 1000, 111 S.Ct. 2680. However, where as here, California's sentence for petitioner is only approached in severity by a very few number of jurisdictions, and is far greater than the vast majority of jurisdictions, the inference of gross proportionality is validated, as it was for Mr. Bray, Mr. Brown and Mr. Andrade. *See Brown,* 283 F.3d at 1034; *Andrade,* 270 F.3d at 765–66. Under *Brown* and *Andrade,* petitioner's sentence must be deemed a violation of the Eighth Amendment. For the same reasons set forth in *Brown* and *Andrade,* the state courts' denial of petitioner's claim that his sentence violates the Eighth Amendment was clear error and therefore an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1). *Brown,* 283 F.3d at 1037–39; *Andrade,* 270 F.3d at 766–67. Accordingly, petitioner is entitled to habeas relief.

**9.** Oklahoma also provides a 10–year washout period, which California does not. 21 Okla. Stat. § 51(B).

**1154**

## CONCLUSION

Upon reconsideration in light of the Ninth Circuit decisions in *Brown* and *Andrade,* the petition for a writ of habeas corpus is GRANTED. Petitioner's sentence under California's three strikes laws (California Penal Code §§ 667(b)-(i); 1170.12) is VACATED and respondent is ORDERED to release petitioner from custody within sixty (60) days of the date this order is filed if the State of California has not resentenced petitioner.

The clerk shall close the file.

SO ORDERED.